**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

TRUETT THOMAS,

        Plaintiff,

v.                                         No. CV 19-1164 CG

ANDREW SAUL,
Commissioner of the
Social Security Administration,

        Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**

**THIS MATTER** is before the Court on Plaintiff Truett Thomas's *Plaintiff's Motion to Remand or Reverse Agency Decision*, (Doc. 14), and *Brief in Support of Motion to Remand or Reverse* (the "Motion"), (Doc. 15), filed April 22, 2020; Defendant Commissioner Andrew Saul's *Defendant's Response to Plaintiff's Motion to Reverse and Remand for a Rehearing* (the "Response"), (Doc. 19), filed June 23, 2020; and Mr. Thomas's *Plaintiff's Reply Brief* (the "Reply"), (Doc. 20), filed July 7, 2020.

Mr. Thomas filed applications for disability insurance benefits and supplemental security income benefits on April 5, 2016, alleging disability beginning January 1, 2016. (Administrative Record "AR" 10, 123-24, 272). Mr. Thomas claimed he was unable to work due to neuropathy, diabetes, vision problems, a heart murmur, a chemical imbalance, memory loss, a learning disability, emotional problems, and foot problems. (AR 285). Mr. Thomas's applications were denied initially on December 27, 2016, and upon reconsideration on July 12, 2017. (AR 109, 142). Shortly thereafter, Mr. Thomas requested a hearing before an Administrative Law Judge ("ALJ"), which was held on August 15, 2018. (AR 58, 184).

1

At the hearing, ALJ Cole Gerstner presided, and Mr. Thomas appeared with his attorney Nancy Cronin and impartial Vocational Expert ("VE") Teri Hewitt. (AR 58, 351). On January 2, 2019, the ALJ issued an unfavorable decision, finding Mr. Thomas not disabled from January 1, 2016 through the date of the decision. (AR 31). Mr. Thomas requested review by the Appeals Council, which was denied, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. (AR 1, 242); *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994) ("If the Appeals Council denies review, the ALJ's decision becomes the Secretary's final decision.").

Mr. Thomas, represented by his attorney Helen Laura Lopez, argues in his Motion the following errors require remand: (1) because the hypothetical posed to the VE and the decision's RFC do not match, the ALJ's step 5 findings and the RFC are not supported by substantial evidence; (2) having given great weight to the opinion of the consultative examiner, the ALJ erred by failing to fully account for his opinion in the decision's RFC assessment or explain why some limitations were omitted; (3) the ALJ failed to properly assess and explain the assignment of "partial" weight to Mr. Thomas's treating doctor's opinion; and (4) the ALJ failed to meet his burden of showing a significant number of available jobs in his step five finding. (Doc. 15 at 7-21). The Court has reviewed the Motion, the Response, the Reply, and the relevant law. Additionally, the Court has meticulously reviewed the administrative record. Because the ALJ committed a harmful legal error, the Court **GRANTS** Mr. Thomas's Motion and his case is **REMANDED** to the Commissioner for further proceedings.

I.      **Standard of Review**

        The standard of review in a Social Security appeal is whether the

Commissioner's final decision is supported by substantial evidence and whether the

correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir.

2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98

(10th Cir. 1992)). If substantial evidence supports the Commissioner's findings and the

correct legal standards were applied, the Commissioner's decision stands and the

plaintiff is not entitled to relief. *See Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir.

2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331

F.3d 758, 760 (10th Cir. 2003). The Commissioner's "failure to apply the correct legal

standards, or to show . . . that she has done so, are also grounds for reversal." *Winfrey

v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) (citing *Washington v. Shalala*, 37 F.3d

1437, 1439 (10th Cir. 1994)). A court should meticulously review the entire record but

should neither re-weigh the evidence nor substitute its judgment for the

Commissioner's. *See Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214.

        "Substantial evidence is such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." *Doyal*, 331 F.3d at 760 (quoting *Fowler v.

Bowen*, 876 F.2d 1451, 1453 (10th Cir.1989)) (internal quotation marks omitted). An

ALJ's decision "is not based on substantial evidence if it is overwhelmed by other

evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*,

373 F.3d at 1118 (quoting *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir.1988)) (internal

quotation marks omitted) . While the Court may not re-weigh the evidence or try the

issues *de novo*, its examination of the record must include "anything that may undercut

3

or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (internal citations omitted). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)) (internal quotation marks omitted) (alteration made).

## II.    Applicable Law and Sequential Evaluation Process

A claimant establishes a disability when he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). In order to determine whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process ("SEP"). *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.

At the first four steps of the SEP, the claimant bears the burden of showing (1) he is not engaged in "substantial gainful activity"; (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) his impairment(s) meet or equal one of the "listings"[1] of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i-iv), 416.920(a)(4)(i-iv); *Grogan*, 399 F.3d at 1261. If the ALJ determines the claimant cannot engage in past relevant

---

1.      20 C.F.R. pt. 404, subpt. P, app. 1.

work, the ALJ proceeds to step five of the SEP. 20 C.F.R. §§ 404.1520(g)(1),

416.920(g)(1); *Grogan*, 399 F.3d at 1261. At step five, the Commissioner bears the

burden of showing the claimant is able to perform other work in the national economy,

considering the claimant's RFC, age, education, and work experience. *Grogan*, 399

F.3d at 1261.

### III.   Background

In his applications, Mr. Thomas claimed he was unable to work due to

neuropathy, diabetes, vision problems, a heart murmur, a chemical imbalance, memory

loss, a learning disability, emotional problems, and foot problems. (AR 285). At step

one, the ALJ determined Mr. Thomas had not engaged in substantial gainful activity

since January 1, 2016, his alleged onset date. (AR 13). At step two, the ALJ found Mr.

Thomas had the following severe impairments: diabetes mellitus with neuropathy;

obesity; depression; and schizophrenia. (AR 13). At step three, the ALJ determined Mr.

Thomas's impairments did not meet or equal one of the listed impairments in 20 C.F.R.

§§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926. (AR 13). The

ALJ then found Mr. Thomas had the RFC to perform "light work", as defined in 20

C.F.R. §§ 1567(b) and 416.967(b), with the following additional limitations:

> [He] is able to lift, carry, push, and pull up to 20 pounds occasionally and
> up to 10 pounds frequently. [He] is able to sit for up to six hours, stand for
> up to four hours, and walk for up to four hours during an eight-hour
> workday. In addition, [he] can occasionally operate foot controls with the
> right foot and occasionally with the left foot. Further, [he] can climb ramps
> and stairs occasionally, but can never climb ladder, ropes, or scaffolds; he
> can occasionally balance, stoop, kneel, crouch and crawl. [He] can
> occasionally work at unprotected heights and around moving mechanical
> parts. [He] is also limited to performing simple, routine tasks and is limited
> to simple work-related decisions. He is able to have occasional
> interactions with supervisors, and coworkers, and only superficial contact
> with the public.

(AR 15).

In formulating Mr. Thomas's RFC, the ALJ stated he considered Mr. Thomas's symptoms and the extent to which those symptoms could reasonably be accepted as consistent with the objective medical and other evidence, as required by 20 C.F.R. §§ 404.1529, 416.929 and Social Security Ruling ("SSR") 16-3p. (AR 15). In addition, the ALJ stated he considered opinion evidence consistent with the requirements of 20 C.F.R. §§ 404.1527, 416.927. (AR 15).

In weighing the opinion evidence, the ALJ gave "partial weight" to the opinions of Mr. Thomas's treating physician Christina Lovato, M.D., and psychological consultative examiner John Draper, Ph.D. (AR 25-28).  The ALJ gave "significant weight" to the opinion of physical consultative examiner Athanasios Manole, M.D. (AR 26). Finally, the ALJ gave "little weight" to the opinions of the State Agency medical and psychological consultants. (AR 28).

At step four, the ALJ found Mr. Thomas was unable to perform his past relevant work as a home health aide and warehouse worker. (AR 29). At step five, the ALJ determined Mr. Thomas had a limited education and could communicate in English. (AR 29). Relying on the VE's testimony, the ALJ found that, when considering Mr. Thomas's age, education, work experience, and assessed RFC, he could perform other work as a laundry bagger, laundry worker, and table worker. (AR 30). Upon finding Mr. Thomas was able to perform other work existing in significant numbers in the national economy, the ALJ concluded Mr. Thomas was "not disabled," as defined by 20 C.F.R. §§ 404.1520(g) and 416.920(g), from January 1, 2016 through the date of the decision. (AR 972-74).

IV.   **Analysis**

Mr. Thomas presents four arguments in his Motion before the Court. (Doc. 15). First, Mr. Thomas asserts that because the hypothetical posed to the VE and the decision's RFC do not match, the ALJ's step 5 findings and the RFC are unsupported by substantial evidence. *Id.* at 8-10, 16-19. Next, Mr. Thomas claims the ALJ erred in giving significant weight to the opinion of physical consultative examiner, Dr. Manole, without fully accounting for, or explaining the omission of, portions of his opinion in the decisional RFC. *Id.* at 7-8. Additionally, Mr. Thomas argues the ALJ failed to properly assess and explain his assignment of "partial" weight to Dr. Lovato's opinion. *Id.* at 10-16. Finally, Mr. Thomas maintains that the ALJ failed to meet his burden of showing a significant number of available jobs in his step five findings. *Id.* at 19-21.

In response, the Commissioner urges the Court to affirm the ALJ's decision because it is supported by substantial evidence and free of harmful error. (Doc. 19 at 1-2). Specifically, the Commissioner contends that to the extent there is conflict between the hypothetical posed to the VE and the decision's RFC, it constitutes a harmless conflict. *Id.* at 5-7. Next, the Commissioner asserts the ALJ properly considered and appropriately assigned weight to the opinions authored by Dr. Manole, Dr. Lovato, and state agency medical consultant Bonnie Lammers, M.D. *Id.* at 10-16. Lastly, the Commissioner argues that the ALJ's step five findings are supported by substantial evidence. *Id.* at 16-18.

A.   *Inconsistency Between the Hypothetical Posed to the VE and the Decisional RFC*

Mr. Thomas argues that the hypothetical given to the VE is not the same as the decision's RFC, and this inconsistency results in the ALJ's step five findings being

unsupported by substantial evidence. (Doc. 15 at 16-17). Additionally, he urges the Court to find that the decision's RFC is unsupported by substantial evidence. *Id.* at 8-9. As for the hypothetical to the VE, Mr. Thomas alleges the ALJ's failure to specify the length of time he is able to sit before alternating to standing results in differing understandings between the ALJ and VE, calling into question the reliability of the VE's testimony. *Id.* at 18. Furthermore, he contends that too frequent of changes erodes the occupational base. *Id.* Finally, Mr. Thomas asserts that the sit-stand limitation, present in the hypothetical but not in the RFC assessment, conflicts with the table worker position. *Id.* at 19.

In response, the Commissioner admits that while the decision's RFC and the hypothetical posed to the VE differ, they are "not necessarily inconsistent." (Doc. 19 at 6). Secondly, the Commissioner argues that to the extent they are inconsistent it is "inconsequential" because the hypothetical posed to the VE is more restrictive than the decision's RFC, and therefore, it does not change the outcome of the VE's testimony or prejudice Mr. Thomas. *Id.*

The Commissioner's "failure to apply the correct legal standards, or to show . . . that she has done so, are [] grounds for reversal." *Winfrey*, 92 F.3d at 1019 (citing *Washington*, 37 F.3d at 1439). However, the Tenth Circuit has held "that certain technical errors [are] minor enough not to undermine confidence in the determination of th[e] case." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (citations and internal quotation marks omitted). In order to find a harmless error, courts must consider the evidence before the ALJ and "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any

other way." *Id.* Thus, where the court "can follow the [ALJ's] reasoning in conducting [its] review, and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012).

   With respect to errors at step five, at this stage in the SEP the burden shifts to the Commissioner to show "there are sufficient jobs in the national economy for a hypothetical person with [the claimant's] impairments," *Jensen v. Barnhart*, 436 F.3d 1163, 1168 (10th Cir. 2005), while considering that claimant's RFC, age, education and work experience. *Grogan*, 399 F.3d at 1261. In order to satisfy this burden, ALJ's typically rely on hypothetical questions posed to a VE, and in reliance of that testimony, the ALJ produces an RFC assessment that parallels the hypothetical question. *See Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000) ("The ALJ propounded a hypothetical question to the VE that included all the limitations the ALJ ultimately included in his RFC assessment. Therefore, the VE's answer to that question provided a proper basis for the ALJ's disability decision.") As such, "hypothetical questions [posed to the VE] must reflect with precision all of [a claimant's] impairments, but they need only reflect impairments and limitations that are borne out by the evidentiary record." *Decker v. Chater*, 86 F.3d 953, 955 (10th Cir. 1996) (internal citations omitted) (alterations made). Thus, when a decision's RFC findings "are adequately reflected in the ALJ's hypothetical inquiries to the vocational expert…the expert's testimony provide[s] a proper basis for adverse determination of [the] case." *Gay v. Sullivan*, 986 F.2d 1336, 1341 (10th Cir. 1993) (alterations made).

In the RFC assessment, the ALJ restricted Mr. Thomas to light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following additional relevant restrictions: "[Mr. Thomas] is able to sit for up to six hours, stand for up to four hours, and walk for up to four hours during an eight-hour workday." (AR 15). In the hypothetical posed to the vocational expert, the ALJ limited Mr. Thomas to "sit-stand for four [hours], walk for four [hours]." (AR 91). In follow-up questions to the VE, the ALJ clarified that he limited Mr. Thomas to "four hours of…standing *or* walking," with the VE confirming that the jobs provided allow for standing or walking for four hours. (AR 93) (emphasis added).

Mr. Thomas contests several technical elements of the hypothetical posed to the VE. First, he asserts the ALJ's failure to specify in his hypothetical the specific length of time Mr. Thomas is able to sit before alternating to standing is a legal error. (Doc. 15 at 18). In support of this contention, Mr. Thomas largely relies on SSR 98-9p, which relates to sedentary and not light work. *See* (Doc. 20 at 2); SSR 98-9p, 1996 WL 374185 (titled "Determining Capability to do Other Work--Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work"). Additionally, the ALJ's mention of a "sit-stand" limitation in his initial statement to the VE appears to have been in error, because in his subsequent clarification the ALJ made no mention of a sit-stand limitation, nor did he include it in the decision's RFC. (AR 15, 93). Moreover, such a discrepancy between these two statements—"sit-stand" in the ALJ's initial statement and later clarification to "stand or walk"—is "minor enough not to undermine confidence in the determination of [this] case." *Allen*, 357 F.3d at 1145.

Mr. Thomas also asserts that the sit-stand limitation conflicts with the table worker position, identified as a sedentary position by the vocational expert. (Doc. 15 at 19). However, Mr. Thomas's ability to stand or walk for four hours in an eight-hour day would also allow him to perform sedentary work, which requires only two hours of standing or walking. *See* SSR 83-10 (defining sedentary work as requiring "periods of standing or walking…generally totaling no more than about 2 hours of an 8-hour workday").  Furthermore, Mr. Thomas has not provided evidence, nor could the Court find any, that restricts his ability to sit. *See, e.g.* (AR 573) (Dr. Manole opining Mr. Thomas had no restrictions in sitting).

Yet, the decision's RFC meaningfully differs from the hypothetical posed to the VE, as it allows Mr. Thomas to stand four hours and walk four hours in an eight-hour day, therefore permitting up to eight hours of standing and walking. On the other hand, the ALJ's hypothetical posed to the VE limits Mr. Thomas to four hours of standing or walking in an eight-hour day, therefore allowing for only four hours of standing and walking in an eight-hour day. As such, the Court is unwilling to accept the Commissioner's argument that the RFCs are consistent. However, the Court finds that the hypothetical posed to the VE is more restrictive than the decision's RFC, as alleged by the Commissioner, because it reduces standing and walking to no more than four hours as compared to eight hours under the decisional RFC. Because the hypothetical posed to the VE is more restrictive, the jobs identified by the VE are also applicable to the decision's RFC that allows for greater walking and standing activities. *See, e.g.*, 20 C.F.R. § 404.1567(b) ("If someone can do light work, we determine that he or she can

also do sedentary work….). Thus, the jobs identified by the VE provide substantial evidence to support both the decision's RFC and the hypothetical posed to the VE.

Mr. Thomas attacks the decision's RFC as being unsupported by substantial evidence. *See* (Doc. 15 at 7-10, 16-19). However, the attack against the decision's RFC is of little effect because the hypothetical RFC posed to the VE essentially supplants the decisional RFC and renders any error in the decisional RFC immaterial. Simply put, Mr. Thomas is not prejudiced by the potentially flawed decision's RFC because he has not alleged that the hypothetical posed to the VE fails to "reflect with precision all of [his] impairments," and absent this, the VE's testimony constitutes substantial evidence supporting the ALJ's step five finding. *See Decker*, 86 F.3d at 955; *see also Stephens v. U.S. Dep't of Health & Human Servs.*, 13 F.3d 407 (10th Cir. 1993) ("In order for a vocational expert's testimony to constitute substantial evidence, the ALJ's hypothetical questions eliciting that testimony must relate with precision all of a claimant's impairments.").

In summary, the Court finds that the inconsistency between the hypothetical posed to the VE and the decisional RFC assessment constitutes a harmless error, because the jobs identified by the VE could be performed under both RFCs. Furthermore, even if the decision's RFC is unsupported by substantial evidence, it is a non-prejudicial error because Mr. Thomas has not shown that he cannot perform work under the restrictions outlined in the hypothetical RFC posed to the VE. For these reasons, the Court denies Mr. Thomas's request to remand on this basis.

### B. The ALJ's Consideration of Dr. Manole's Opinion

Mr. Thomas also argues the ALJ committed a fatal error by giving "significant weight" to Dr. Manole's opinion but failing to include restrictions in the decision's RFC that fully accounted for Dr. Manole's opinion. (Doc. 15 at 8). In particular, Mr. Thomas claims that Dr. Manole's opinion that he "had moderate limitations in standing and walking" and "could handle a desk job" were not incorporated into the decision's RFC. *Id.* Mr. Thomas acknowledges that Dr. Manole did not define a desk job in functional terms, but nevertheless asserts it is generally "considered a sedentary position, defined as sitting for six hours and standing and walking for two hours." *Id.* (citing 20 C.F.R. § 404.1567(a)). According to Mr. Thomas, the decision's RFC assigns a capacity greater than light or sedentary exertional work, and therefore, the decision's prescribed walking and standing abilities conflict with Dr. Manole's restriction to "a desk job" and "moderate" limitations in walking and standing. *Id.* Mr. Thomas asserts the ALJ's failure to either incorporate these limitations, or explain their omission, is a harmful and remandable error. *Id.*

In his Response, the Commissioner alleges that because Dr. Manole did not define "moderate," the ALJ was not required to provide a verbatim limitation in his RFC assessment. (Doc. 19 at 11-12). Rather, the Commissioner claims the ALJ "appropriately considered Dr. Manole's opinion [when he] limited [Mr. Thomas] to standing (or sitting-standing) and walking for up to four hours." *Id.* at 12. Similarly, with respect to Dr. Manole's limitation to "a desk job," the Commissioner argues that the law does not require a direct correspondence between an RFC finding and a specific medical opinion. *Id.* at 12 (citing *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir.

13

2012)). The Commissioner also posits that Dr. Manole's statement was not his actual opinion but rather a recitation of an allegation made by Mr. Thomas. *Id.* Yet even assuming it was his opinion, the Commissioner maintains that the restrictions in the hypothetical posed to the VE are generally consistent with Dr. Manole's opinion and supported by substantial evidence. *Id.*

Although it is not required that an ALJ discuss every piece of evidence, he is required to discuss, at a minimum, the weight assigned to each medical source opinion. *Keyes-Zachary*, 695 F.3d at 1161 (citing 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii)). In doing so, "if the RFC assessment conflicts with the opinion, the [ALJ] must explain why the opinion was not adopted." SSR 96-8p, 1996 WL 374184, at *7 (alteration made). Further, the ALJ must at least provide an explanation that is "sufficiently specific to [be] clear to any subsequent reviewers." *Langley*, 373 F.3d at 1119 (citation omitted). The ALJ's stated reasons for the assigned weight must be supported by substantial evidence. *See Doyal*, 331 F.3d at 764. Of course, it is not necessary for an ALJ to delineate a direct correspondence between a RFC finding and a specific medical opinion. *Chapo*, 682 F.3d at 1288. However, an ALJ cannot "pick and choose" through a medical opinion, "taking only the parts that are favorable to a finding of nondisability." *Id.* at 1292 (quoting *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)) (internal quotation marks omitted).

On November 6, 2016, Dr. Manole examined Mr. Thomas, and based on his examination, he provided a report outlining his findings. (AR 564-74). At the end of the report, within a box labeled "Limitations," Dr. Manole provided his opinion on Mr. Thomas's restrictions, which included "moderate" limitations in walking and standing.

14

(AR 573). Dr. Manole wrote that these limitations were due to Mr. Thomas's report that his feet "burn" after ten minutes of standing, and because of neuropathy and the loss of arches on his feet, he experienced pain after walking a few hundred feet. (AR 573). Additionally, within a section labeled "Assessment," Dr. Manole wrote Mr. Thomas "can handle a desk job." (AR 573). In punctuating that finding, under another section labeled "Effort," Dr. Manole wrote "Yes" next to a box with the question whether he "could handle a desk job." (AR 573). Dr. Manole provided no other limitations in any of the remaining physical domains. (AR 573).

In his decision, the ALJ provided a comprehensive summary of Dr. Manole's findings, followed by a recitation of Dr. Manole's restrictions. (AR 26). The ALJ wrote that he gave "significant weight" to Dr. Manole's opinion because he was an examining provider "who had the benefit of examining [Mr. Thomas] and reviewing medical records." (AR 26). Additionally, the ALJ noted that Dr. Manole's opinion was "consistent with the medical evidence as a whole, with his own objective findings, and with [Mr. Thomas's] reported activities." (AR 26). What is more, the ALJ found Dr. Manole's opinion "well-supported and [] consistent with the weight of the evidence." (AR 26).

Because the ALJ gave significant weight to Dr. Manole's opinion, without an explanation for any inconsistencies, the ALJ was required to account for Dr. Manole's restrictions in his decision's RFC assessment. *See* SSR 96-8p, 1996 WL 374184, at *7 ("[I]f the RFC assessment conflicts with the opinion, the [ALJ] must explain why the opinion was not adopted.") (alteration made). Because there are essentially two RFCs at issue—the decisional RFC and the hypothetical posed to the VE—the Court will

consider both RFCs under the rubric for opinion analysis, and if there is error, consider

whether it is a harmless error.

The Commissioner implicitly argues that the Court should only consider Dr.

Manole's opinion against the hypothetical posed to the VE, making no mention of how

Dr. Manole's opinion compares to the decision's RFC. *See* (Doc. 19 at 12) ("[T]he ALJ

appropriately considered Dr. Manole's opinion in limiting [Mr. Thomas] to standing (or

sitting standing) and walking for up to four hours—less than the full six hours

contemplated by light work."). However, the ALJ's error in writing the decision's RFC as

different from the hypothetical posed to the VE is more than a scrivener's error, as

alleged by the Commissioner. *Id.* at 6. The RFCs are meaningfully different, and there is

little way to discern which RFC the ALJ intended to use. Indeed, the ALJ's error may not

have been an error at all, as later in the RFC discussion he repeats that Mr. Thomas is

limited to "standing and walking only up to four hours *each* during an eight-hour day."

(AR 23) (emphasis added). This inconsistency does not allow the Court to "follow the

[ALJ's] reasoning in conducting [its] review" nor does it allow the Court to "determine

that [the] correct legal standards have been applied." *See Keyes-Zachary*, 695 F.3d at

1166. As a result, the Court must consider Dr. Manole's opinion against both the

decisional RFC and the hypothetical posed to the VE to determine whether each

account for Dr. Manole's opinion, and if one or both do not, the ALJ will have committed

legal error. *See* SSR 96-8p, 1996 WL 374184, at *7.

       i.   *Hypothetical Posed to the VE as Compared to Dr. Manole's Opinion*

In terms of walking and standing restrictions in the hypothetical RFC, it limits Mr.

Thomas to four hours of standing or walking in an eight-hour day. (AR 93). This is two

hours fewer, or approximately 33 percent less, than required of light work. See SSR 83-10 (explaining that light work "requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday.") Although Dr. Manole did not define "moderate," pursuant to Oxford's English Dictionary "moderate" when used as an adjective is defined as follows: "Of medium or middling quality, size, or extent; average in intensity, difficulty, or degree; fairly large or good; intermediate." Oxford English Dictionary, *available at www.oed.com*, (last visited July 10, 2020). Based on this definition, and given that an ALJ is not required to provide a direct correspondence between an RFC finding and a specific medical opinion, *Chapo*, 682 F.3d at 1288, the Court finds that a two-hour reduction, or 33 percent, adequately accounts for a "moderate" restriction in walking and standing.

Dr. Manole also opined that Mr. Thomas was limited to a "desk job." (AR 573). Mr. Thomas argues this is more closely associated with a sedentary exertional limitation, which restricts an individual to two hours of standing or walking. (Doc. 15 at 8). The Commissioner counters, arguing the regulations do not provide for a correlation between a "desk job" and sedentary work. (Doc. 19 at 12). He also notes that it is "unclear whether [this statement] was actually Dr. Manole's opinion…or whether he was reciting [Mr. Thomas's] statement." *Id.* While this might be true, it was not an issue highlighted by the ALJ in his opinion analysis. *See* (AR 26). As such, "this court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself." *Haga*, 482 F.3d at 1207-08.

In considering the meaning of a "desk job" from a layman perspective, it is commonly understood as a job performed typically sitting at a desk. Within our

vocationally diverse labor market, a "desk job" could therefore be considered a receptionist position, which requires a fair amount of walking and standing, or a worker in a call center, which primarily consists of sitting. Under both scenarios, and given the vagaries of the definition of "desk job," the Court finds that a walking and standing restriction to four hours in an eight-hour day adequately accounts for restrictions imposed by a "desk job." In short, the hypothetical posed to the VE adequately accounts for Dr. Manole's limitation to "moderate" standing and walking as well as his restriction to a "desk job."

ii.    *Decisional RFC as Compared to Dr. Manole's Opinion*

In the decision, the ALJ restricted Mr. Thomas in "sit[ting] for up to six hours, stand[ing] for up to four hours, and walk[ing] for up to four hours during an eight-hour workday." (AR 15). Later in his decision, the ALJ reaffirmed that his RFC allowed for Mr. Thomas to "stand[] and walk[] only up to four hours *each* during an eight-hour day." (AR 23) (emphasis added). Thus, the decisional RFC allows for up to eight hours of standing and walking in an eight-hour day. Unlike the hypothetical posed to the VE, the decisional RFC has no reduction in standing or walking as compared to light work. See SSR 83-10 (explaining that light work "requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday.) For this reason, the Court cannot find that this RFC comports with Dr. Manole's "moderate" limitation in standing and walking. While the ALJ need not provide a direct correspondence between an RFC finding and a specific medical opinion, *Chapo*, 682 F.3d at 1288, the RFC must still adequately account for the opinion's limitations in the RFC. *See Haga*, 482 F.3d at 1208. As for Dr. Manole's restriction to a "desk job," the Court is similarly unable to find

that a job allowing for up to eight hours of standing and walking constitutes a "desk job," as it is commonly understood.

Accordingly, the Court finds that the decision's RFC fails to account for Dr. Manole's opinion that Mr. Thomas is limited to "moderate" standing and walking and is restricted to a "desk job." Having failed to account for these portions of Dr. Manole's opinion, the ALJ was obligated to explain why these portions of his opinion were not adopted. *See* SSR 96-8p, 1996 WL 374184, at *7 ("[I]f the RFC assessment conflicts with the opinion, the [ALJ] must explain why the opinion was not adopted."). The ALJ's discussion of Dr. Manole's opinion provides no such explanation. *See* (AR 26)The ALJ's failure to incorporate or explain the omission of Dr. Manole's restrictions constitutes a harmful legal error requiring remand.

## V.    Conclusion

For the foregoing reasons, the Court finds that the decision's RFC assessment failed to either explain or properly incorporate Dr. Manole's "moderate" limitation in standing and walking and restriction to a "desk job." Because the Court finds this is a harmful legal error, the Court will not address Mr. Thomas's remaining arguments.

**IT IS THEREFORE ORDERED** that Mr. Thomas's *Plaintiff's Motion to Remand or Reverse Agency Decision*, (Doc. 14), is **GRANTED** and this case is **REMANDED** for additional proceedings consistent with this opinion.

**IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE