## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

TRUITT THOMAS,

      Plaintiff,

v.                                                              No. CV 19-1164 CG

ANDREW SAUL,
Commissioner of the
Social Security Administration,

      Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Truitt Thomas's *Motion for Equal Access to Justice Award of Attorney's Fees and Costs* (the "Motion"), (Doc. 24), filed October 14, 2020; and Defendant's *Response to Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act* (the "Response"), (Doc. 25), filed October 28, 2020. Plaintiff did not file a reply, and the time for doing so has passed. Having reviewed the Motion, the Response, and the relevant law, the Court finds that Mr. Thomas's Motion is not well-taken and should be **DENIED WITHOUT PREJUDICE.**

### I.     Background

In April 2016, Mr. Thomas filed applications for disability insurance benefits and supplemental security income, due to a heart murmur, diabetes, neuropathy, vision problems, foot problems, a chemical imbalance, memory loss, a learning disability, and emotional problems. (Administrative Record "AR" 10, 123-24, 272, 285). Mr. Thomas's applications were denied initially, upon reconsideration, and following a hearing before administrative law judge ("ALJ") Cole Gerstner. (AR 31, 109, 141). Mr. Thomas

requested review by the Appeals Council, which was denied, making the ALJ's decision the final decision of the Social Security Administration. (AR 1, 354).

Mr. Thomas sought review from this Court, requesting that the Court reverse ALJ Gerstner's decision and remand the matter for consideration. (Doc. 15 at 7-21). In his *Motion to Reverse or Remand Agency Decision*, (Doc. 14), Mr. Thomas argued ALJ Gerstner erred in four respects: (1) his step five findings and the residual functional capacity (the "RFC") were not supported by substantial evidence because the hypothetical posed to the vocational expert (the "VE") did not match the decision's RFC; (2) having given great weight to the opinion of the consultative examiner Dr. Manole, he failed to fully account for that opinion in the decision's RFC or explain why some limitations were omitted; (3) he failed to properly assess and explain the assignment of "partial" weight to Mr. Thomas's treating doctor's opinion; and (4) he failed to meet his burden of showing a significant number of available jobs in his step five finding. (Doc. 15 at 7-21).

The Court found ALJ Gerstner's failure to incorporate, or explain the omission of, Dr. Manole's restrictions constituted harmful legal error requiring remand. (Doc. 22 at 19). Specifically, the Court found that ALJ Gerstner failed to account for Dr. Manole's opinion that Mr. Thomas is limited to "moderate" standing and walking and is restricted to a desk job. *Id.* The Court found that ALJ Gerstner was obligated to explain why these portions of Dr. Manole's opinion were not adopted, but that his discussion provided no such explanation. *Id.* The Court granted Mr. Thomas's *Motion to Reverse and/or Remand Agency Decision* and remanded the Commissioner's decision. *Id.* The Court further found the inconsistency between the hypothetical posed to the VE and the RFC

assessment to be erroneous, but determined that the error was harmless. *Id.* at 18. This harmless error was not the basis for the Court's decision to remand; instead, the Court based its decision on ALJ Gerstner's failure to incorporate or explain the omission of Dr. Manole's restrictions. *Id.* at 19.

Mr. Thomas now petitions the Court for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 24). He argues that an award of attorney fees is appropriate because he was the prevailing party and the Commissioner's position in defending the action was not substantially justified.[1] *Id.* at 1.

The Commissioner opposes an award for attorney fees on two grounds. First, the Commissioner argues that his position in the underlying agency action and subsequent litigation was substantially justified because the Court found the inconsistency between the hypothetical posed to the VE and the RFC assessment constituted harmless error, and because the RFC limitations ALJ Gerstner included were generally consistent with Dr. Manole's opinion and supported by substantial evidence. (Doc. 25 at 1-3). Second, the Commissioner challenges the reasonableness of the fee amount requested by Mr. Thomas's counsel. *Id.* at 4-7.

---

[1] Section 2412(d)(2)(B) requires an application for EAJA fees to show that the applicant's "net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B). Mr. Thomas's Motion fails to allege any facts regarding his net worth at the time this action was filed. *See* (Doc. 24). However, Mr. Thomas reported no assets in his *Motion for Leave to Appeal in Forma Pauperis*, (Doc. 2), which this Court granted, (Doc. 5). Based on the Court's review of the record, therefore, Mr. Thomas has made a showing that his net worth at the time of filing this action was less than $2,000,000.

II.     **Analysis**

Pursuant to EAJA, a court is required to award attorney's fees if: "(1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). The Plaintiff is the prevailing party, so the Court will proceed to analyze whether the position of the United States was substantially justified.

A.  Substantial Justification

First, the Commissioner argues that his position in the underlying agency action and subsequent litigation was substantially justified because the Court found the inconsistency between the hypothetical posed to the VE and the RFC assessment constituted harmless error. (Doc. 25 at 1-2). Regarding the other error, which the Court found constituted reversible error, the Commissioner contends his position was reasonable because it was not clear whether Dr. Manole's statement that Mr. Thomas was limited to a desk job was his medical opinion, or a recitation of Mr. Thomas's statement. *Id.* at 3. The Commissioner further argues that the RFC limitations ALJ Gerstner included were "generally consistent with Dr. Manole's opinion and supported by substantial evidence," and that there is no requirement in the regulations for a direct correspondence between a specific medical opinion and the RFC finding. *Id.* Mr. Thomas submitted no arguments regarding substantial justification. *See* (Doc. 24).

1.  *Standard of Review*

In this Circuit, the test for substantial justification is one of reasonableness in both law and fact. *Hackett*, 475 F.3d at 1172 (citing *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). As defined by the United States Supreme Court, substantial

4

justification requires the government's position be "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The government's "position" includes the government's stance both in the underlying agency action and in any subsequent litigation. *Id.*

Courts are more likely to find the government's position substantially justified when an area of law is "unclear or in flux." *Cherry v. Barnhart*, 125 F. App'x 913, 916 (10th Cir. 2005) (citing *Martinez v. Sec'y of Health and Hum. Servs.*, 815 F.2d 1381, 1383 (10th Cir. 1987)). Indeed, the government's position may be substantially justified even though it is incorrect. *Hackett*, 475 F.3d at 1172 (citing *Pierce*, 487 U.S. at 566, n.2). Ultimately, the government bears the burden of proving its position was substantially justified. *Gilbert*, 45 F.3d at 1394.

### 2. The Commissioner's Underlying Position and the Court's Disposition

On November 6, 2016, Dr. Manole examined Mr. Thomas, and provided a report outlining his findings. (AR 564-574). Dr. Manole opined that Mr. Thomas has "moderate" limitations in walking and standing due to self-reported sensations of burning in his feet after ten minutes of standing, and pain after "walking a few hundred feet," due to loss of arches on his feet and neuropathy. (AR 573). Dr. Manole also opined that Mr. Thomas can work a "desk job." (AR 573).

ALJ Gerstner gave "significant weight" to Dr. Manole's opinion because he was an examining provider "who had the benefit of examining [Mr. Thomas] and reviewing medical records." (AR 26). ALJ Gerstner found Dr. Manole's opinion "well-supported and [] consistent with the weight of the evidence." (AR 26). Additionally, ALJ Gerstner

noted that Dr. Manole's opinion was "consistent with the medical evidence as a whole, with his own objective findings, and with [Mr. Thomas's] reported activities." (AR 26).

The Court found that because ALJ Gerstner gave significant weight to Dr. Manole's opinion, without an explanation for any inconsistencies, ALJ Gerstner was required to account for Dr. Manole's restrictions in his RFC assessment. (Doc. 22 at 15); *see* SSR 96-8p, 1996 WL 374184, at *7 ("[I]f the RFC assessment conflicts with the opinion, the [ALJ] must explain why the opinion was not adopted.") The Court found ALJ Gerstner's RFC assessment failed to account for Dr. Manole's opinion that Mr. Thomas is limited to "moderate" standing and walking and is restricted to a "desk job." (Doc. 22 at 19). Having failed to account for these portions of Dr. Manole's opinion, the Court found ALJ Gerstner was obligated to explain why these portions of his opinion were not adopted. *Id.*; *see* SSR 96-8p, 1996 WL 374184, at *7 ("[I]f the RFC assessment conflicts with the opinion, the [ALJ] must explain why the opinion was not adopted."). ALJ Gerstner's discussion of Dr. Manole's opinion provided no such explanation. *See* (AR 26). The Court found that ALJ Gerstner's failure to incorporate or explain the omission of Dr. Manole's restrictions constituted harmful legal error. (Doc. 22 at 19). The Court remanded the case for further administrative proceedings. *Id.*

> 3. *The Commissioner's Position is not and was not Substantially Justified*

First, as the Court explained in the *Memorandum Opinion and Order* ("MOO"), (Doc. 22 at 14-16, 19), "[t]he RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the [ALJ] must explain why the opinion was not adopted." SSR 96-8p, 1996 WL 374184, at *7. ALJ Gerstner gave significant weight to Dr. Manole's opinion,

but failed to incorporate his findings in the RFC, without an explanation for any inconsistencies, in contravention of the law. (AR 15, 26). In particular, ALJ Gerstner's RFC assessment failed to account for Dr. Manole's opinion that Mr. Thomas is limited to "moderate" standing and walking and is restricted to a "desk job." (AR 15, 564-74). ALJ Gerstner's discussion of Dr. Manole's opinion provides no explanation of this inconsistency. *See* (AR 26). Thus, ALJ Gerstner's failure to incorporate or explain the omission of Dr. Manole's restrictions constituted error and required remand.

Despite this, the Commissioner contends that he advanced a "reasonable litigation position that cures unreasonable agency action" with regard to the harmless error, citing *Evans v. Colvin*, 640 F. App'x 731 (10th Cir. 2016). (Doc. 25 at 3) (citations and quotation marks omitted). Indeed, the Court did find ALJ Gerstner's error was harmless with respect to the inconsistencies between the hypothetical posed to the VE and the RFC analysis. (Doc. 22 at 12). However, the Court found ALJ Gerstner's other error—the harmful error with respect to Dr. Manole's opinion—mandated reversal. *Id.* at 19. The Commissioner fails to adequately justify his position in defending this harmful error.

Whereas Dr. Manole opined that Mr. Thomas was limited to a "desk job," (AR 573), ALJ Gerstner found that Mr. Thomas's RFC allowed him to "stand[] and walk[] only up to four hours *each* during an eight-hour day." (AR 23) (emphasis added). Thus, ALJ Gerstner's RFC assessment allows for up to eight hours of standing and walking in an eight-hour day, and no reduction in standing or walking as compared to light work. *See* SSR 83-10 (explaining that light work "requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday"). Given the extent of the

discrepancy, the Court finds that the Commissioner was not reasonable in arguing that this error was harmless.

Accordingly, the Commissioner's position in defending the error was not substantially justified, especially since this area of law is not "unclear or in flux." *Cherry*, 125 F. App'x at 916. The law at the time clearly required ALJs who decline to adopt a medical opinion to explain with sufficient specificity "why the opinion was not adopted." SSR 96-8p, 1996 WL 374184, at *7. *See* (Doc. 22). As explained above, ALJ Gerstner provided no such explanation. The Court's finding that ALJ Gerstner erred in failing to incorporate or explain the omission of Dr. Manole's restrictions was a finding of legal error. *See Pierce*, 487 U.S. at 566 n.2 (explaining that the government's position in defending an agency action must have "a reasonable basis in *law* and fact") (emphasis added). For these reasons, the Court finds that the Commissioner's position was not substantially justified.

    B.  <u>Reasonableness of the Amount of EAJA Fees</u>

Mr. Thomas, in his Motion, requests $10,000.00 in attorney fees. (Doc. 24 at 1). His counsel claims 58.7 hours of legal services at an hourly rate of $202.00. *Id.* The Commissioner contests the amount of Mr. Thomas's attorney fees request on four grounds. First, the Commissioner argues that the Court cannot evaluate the hours Mr. Thomas's counsel expended on a particular task to determine whether those tasks are reasonable, because Mr. Thomas's counsel reduced her request from $11,857.40 to $10,000.00 without explaining which tasks she had removed from the total. (Doc. 25 at 5). Second, the Commissioner argues that the Court should reduce the hours billed by Mr. Thomas's counsel, because she does not identify the time increments in which she

bills, and the billing entries are not all listed in six-minute increments. *Id.* Third, the

Commissioner argues that Mr. Thomas's counsel is improperly requesting

compensation for the clerical task of preparing mail service of the summons. *Id.* at 6.

Fourth, the Commissioner argues that Mr. Thomas's counsel billed an excessive

amount of time for preparing her motion to remand, and her reply brief. *Id.* at 6-7. The

Commissioner argues that if the Court deems an EAJA award appropriate, that award

should be reduced to $5,050.00, which would represent 25 hours of work, given the

relatively routine nature of the underlying case. *Id.* at 8. Mr. Thomas submitted no reply

to these arguments.

Attorney fees requested under EAJA must be "reasonable." *Robinson v. City of

Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The Plaintiff has the burden of

establishing entitlement to an award of attorney's fees by documenting the appropriate

hours expended, and showing that the hours are reasonable. *Hensley v. Eckerhart*, 461

U.S. 424, 433 (1982). "To show appropriate billing judgment, an attorney should make a

good-faith effort to exclude those hours from the request that are excessive, redundant,

or otherwise unnecessary." *Id.*

"In awarding fees under the EAJA, [courts] have a special responsibility to ensure

that taxpayers are required to reimburse prevailing parties for only those fees and

expenses actually needed to achieve the favorable results." *Montoya v. Colvin,* No.

1:14-CV-836 LH/SMV, 2015 WL 13651170, at *7 (D.N.M. Dec. 16, 2015), *report and

recommendation adopted*, No. 1:14-cv-0836 LH/SMV, 2016 WL 10592306 (D.N.M. Jan.

11, 2016) (quoting *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 975 (D.C. Cir.

2004)). The Court thus has an obligation to exclude hours that are not reasonably expended. *Id.*

The Motion filed by Mr. Thomas's counsel is only two pages in length, and the annexed Declaration of Time for EAJA Application (the "Billing Statement"), (Doc. 24 at 4-6), is similarly cursory. *See generally* (Doc. 24). It is difficult for the Court, given this threadbare documentation, to "independent[ly] . . . review the fee request to determine its reasonableness" without performing counsel's duty for her. *Hensley*, 461 U.S. at 433. The Court declines to do so. The burden of establishing an entitlement to EAJA fees rests on Mr. Thomas. *Id.* It requires Mr. Thomas's counsel to adequately detail the time expended on particular tasks such that its reasonableness may be easily evaluated by the Court. *See Blum v. Stenson*, 465 U.S. 886, 897 (1984); *Hensley*, 461 U.S. at 437. Then, the Court's task, as the Commissioner rightly notes, is to review the documentation provided by Mr. Thomas's counsel "much as a senior partner in a private law firm would review the reports of subordinate attorneys when billing clients." (Doc. 25 at 4) (quoting *Robinson*, 160 F.3d at 1281).

Moreover, even considering the substance of the fees request, the Court agrees with the Commissioner that the Billing Statement is rife with improper billing practices. *See* (Doc. 24 at 4-6). First, as the Commissioner rightly contends, Mr. Thomas's counsel reduced her request from $11,857.40 to $10,000 without adequately explaining which tasks she had removed from the total. *See Blum*, 465 U.S. at 897; *Hensley*, 461 U.S. at 437; *see also* (Doc. 25 at 5). Second, although Mr. Thomas's counsel includes several entries at 0.1 hours—referring to a six-minute increment, which courts have deemed proper—she abandons the six-minute increment for all entries where she

10

logged more than 0.5 hours, and instead bills in 0.25-hour increments. *Id.*; *see*, *e.g.*, *Morris*, 2019 WL 5864732, at \*4. Third, Mr. Thomas's counsel appears to have logged the following clerical or mixed clerical and legal tasks towards her hourly total:

> *12/1/19 Confer with client regarding finances, Prepare IFP* . . . . . . . . . . . . . *0.75*
> *12/1/19 Confer with client regarding finances, Prepare IFP* . . . . . . . . . . . . . *0.5*
> *12/14/19 Prepare service of summons via USPS certified mail* . . . . . . . . . . *0.5*
> *4/22/20 [Proofread] brief and motion, prepare file for ECF filing, submit.* . . . *0.5*
> *7/10/20 Review docket, [review] file, prepare and submit notice of briefing complete* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *0.25*

Fourth, Mr. Thomas's counsel failed to adequately justify or explain the need for the amount of time preparing her motion to remand or her reply. *See*, *e.g.*, *Romero v. Colvin*, 1:11-CV-994 JB/SMV, at \*2 (D.N.M. Mar. 20, 2014).

These issues are particularly concerning given not only Mr. Thomas's counsel's cursory billing statement, but also, for instance, the many times courts in this District have reprimanded Mr. Thomas's counsel for excessive billing, and for billing clerical tasks.[2] Further, the Court contacted the parties, giving Mr. Thomas's counsel the

---

[2] *See*, *e.g.*, *Serna v. Berryhill*, 1:16-CV-1176 GJF, 2018 WL 1725169, at \*4 (D.N.M. Apr. 6, 2018); *Rodriguez v. Berryhill*, 1:15-CV-985 WPL, 2017 WL 3278944, at \*2 (D.N.M. Aug. 1, 2017); *Villalobos v. Colvin*, 1:15-CV-463 CG, 2016 WL 10179289, at \*2 (D.N.M. July 12, 2016); *Montoya*, 2015 WL 13651170, at \*4 (D.N.M. Dec. 16, 2015) (citing *Barela v. Astrue*, 1:9-CV-259 LAM, at \*4-5 (D.N.M. May 26, 2010) (billing for electronic filing, downloading, and printing is clerical work and/or overhead expenses)); *Kuykendall v. Colvin*, 1:13-CV-877 MV/WPL, at \*2-3 (D.N.M. Apr. 7, 2015) (downloading, organizing, reviewing, and "noting" is clerical work) (citing *Romero*, 1:11-CV-994 JB/SMV, at \*4-5 (downloading, organizing, and filing is clerical work)); *Rodriguez v. Astrue*, 1:12-CV-272 ACT, at \*4 (D.N.M. Jan. 14, 2014) (filing, reviewing docket, submitting notice of briefing complete, and "noticing" entries is clerical work); *Perea v. Colvin*, 1:11-CV-930 JB/GBW, at \*4-5 (D.N.M. Feb. 27, 2014) ("noting" matters on the docket is clerical work); *Preston v. Colvin*, 1:14-CV-0278 KG/LAM (D.N.M. Aug. 14, 2015) (preparing, filing, "noting," downloading, and preparing is clerical work); *Pacheco v. Colvin*, 1:13-CV-848 GBW, at \*4-5 (D.N.M. Dec. 10, 2014) (deducting from EAJA fees for clerical tasks).

opportunity to file a late reply addressing the issues raised in the Commissioner's Response, but she failed to do so.

For these reasons, the Court finds Mr. Thomas has failed to satisfy his burden of showing an entitlement to EAJA fees. Therefore, the Court finds that Mr. Thomas's Motion shall be denied without prejudice. Mr. Thomas may renew his Motion by no later than February 11, 2021, adequately addressing these issues and providing sufficient documentation in support of his motion.

### III.    Conclusion

For the reasons discussed above, the Court concludes that the Commissioner was not substantially justified in his position in either the underlying agency action or the subsequent litigation. However, the Court finds Mr. Thomas is not entitled to an award of attorney fees under EAJA due to his failure to meet his burden of proof.

**IT IS THEREFORE ORDERED** that Mr. Thomas's *Motion for Attorney's Fees Pursuant to Equal Access to Justice Act*, (Doc. 24), be **DENIED WITHOUT PREJUDICE.** Mr. Thomas may renew his motion by no later than **February 11, 2021**, adequately addressing the issues discussed above and providing sufficient documentation in support of the motion.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATE MAGISTRATE JUDGE